Parker-S v. State 






AFFIRMED
NOVEMBER 1, 1990

NO. 10-90-136-CR
Trial Court
# 90-524-CB
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          STEVE PARKER,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 54th Judicial District Court
McLennan County, Texas

* * * * * * * * * * * * *

          In the trial court, appellant Steve Parker sought either release on personal bond or the
reduction of the amount of bail on a felony charge under the provisions of Article 17.151,
Vernon's Ann.C.C.P. This appeal resulted from denial of relief. We affirm the judgment.
          Article 17.151 provides in pertinent part as follows:
 Section 1. A defendant who is detained in jail pending trial of an accusation
against him must be released either on personal bond or by reducing the amount of
bail required, if the state is not ready for trial of the criminal action for which he
is being detained within:
 (1) 90 days from the commencement of his detention if he is accused of
a felony. 
 . . . . . 
 Section 2. The provisions of this article do not apply to a defendant who is:
 . . . . .
 (2) being detained pending trial of another accusation against him as to
which the applicable period has not yet elapsed.
          Appellant was arrested on February 5, 1990, in Bell County, upon a charge filed in that
County for committing the felony offense of unauthorized use of a motor vehicle. On February
16th, McLennan County authorities filed a complaint with a magistrate charging appellant with
the felony offense of theft of property of the value of more than $750.00, obtained a warrant for
appellant's arrest on the charge, and placed a "hold" for appellant with the Bell County authorities
on the felony theft charge. The McLennan County magistrate set appellant's bail at $2,000.00.
          Appellant was transferred to the McLennan County Jail from the Bell County Jail on May
23rd. On that day he was indicted by a grand jury in McLennan County on the felony theft
charge. Between February 5th and May 23rd, on a date not reflected in the record, appellant was
granted a personal bond on the charge pending in Bell County.
          Appellant filed this action for pretrial release by way of application for writ of habeas
corpus on July 16th. After a hearing on July 19th, the relief sought was denied.
          Appellant argues that he was entitled to relief under the provisions of Article 17.151
because he was not indicted on the felony theft charge within 90 days after February 16th, and
without the indictment, the state could not have been ready for trial within that period.
          We agree with the state that commitment after indictment, and entitlement to the writ of
habeas corpus and bail after indictment, are controlled by Article 11.57 of the Code of Criminal
Procedure. Under that statute, the trial court may release on bail (or remand to custody) "if the
facts of the case render it proper." After indictment, the procedures and time limitations set forth
in Article 17.151 have no application. In our case, appellant's application for relief under the
provisions of Article 17.151 was filed long after the indictment was returned.
          Even if Article 17.151 applied here, appellant did not establish that he had been detained
ninety days before indictment solely on the McLennan County charge. The record does not show
that appellant was not incarcerated on the charge filed in Bell County during the ninety days in
question. Section 2(2) of Article 17.151 expressly provides that the statute does not apply during
detention of the defendant on another accusation.
          Appellant's point and contentions are overruled. The judgment is affirmed.
 
                                                                                                                              
                                                                                 VIC HALL
DO NOT PUBLISH                                                     Justice